## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CYNTHIA GREEN,

      Plaintiff,

                                  Case No. 14-14280

v.

                                  HON. DENISE PAGE HOOD

NATIONWIDE ARBITRATION
SERVICES, LLC, et al.,

      Defendants.

_____/

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
### and MOTION FOR ATTORNEY FEES AND COSTS

Before the Court is Plaintiff Cynthia Green's Motion for Default Judgment against Defendants Nationwide Arbitration Services, LLC, Matthew Marcucci, Cooper Financial, LLC and Mark Gray (collectively, "Defendants"). **[Docket No. 18, filed May 27, 2015]**. On March 16, 2015, the Clerk entered Default against these Defendants.[1]  **[Docket Nos. 12-15]**.   For the reasons discussed below, Plaintiff's Motion for Default Judgment is **GRANTED**.

## I.  BACKGROUND

Plaintiff seeks to collect damages arising out of Defendants' alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et. seq.*, and Defendants Nationwide and Cooper Financial's alleged violation of the Michigan Occupational Code ("MOC"), M.C.L. § 339.915 *et. seq.,* or, in the

---

[1] The Court dismisses without prejudice Defendants John and/or Jane Does 1-30.

alternative, the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.252 *et. seq.*

Plaintiff filed a Complaint regarding this matter on November 6, 2014 **[Docket No. 1]**. Plaintiff has provided proof of service for all Defendants **[Docket Nos. 7-8, filed December 29 2014; Docket Nos. 9-10, filed February 25, 2015]**. On March 13, 2015, having received no responsive pleading from Defendants, Plaintiff requested that the Clerk enter Default against Defendants **[Docket No. 11]**. On March 16, 2015, the Clerk entered Default against Defendants pursuant to Fed. R. Civ. P. 55(a) **[Docket Nos. 12-15]**.

## II.    ANALYSIS

An Entry of Default under Fed. R. Civ. P. 55 is the first procedural step necessary to obtain a default judgment. *Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The party must then apply to the Court for entry of the default judgment.   Fed. R. Civ. P. 55(b)(2). The Court may enter default judgment "[a]gainst a minor or incompetent only if represented by a general guardian, conservator, or other like fiduciary who has appeared."  Fed. R. Civ. P. 55(b)(2). The Court may conduct an accounting, determine the amount of damages,

establish the truth of any allegations by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

The Court held a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). Plaintiff appeared and testified to her actual monetary damages and damages for emotional distress. Plaintiff's counsel indicated Plaintiff was seeking $35,000 in economic and emotional distress damages pursuant to the FDCPA. Plaintiff is also seeking treble damages under the MCPA and the MOC for a total award of $105,000 ($35,000 x 3 = $105,000). Plaintiff cited a number of cases to support this award of damages. *See McCollough v. Johnson, Rodenburg & Lauinger,* 637 F.3d 939 (9th Cir. 2011); *Zhang v. American Gem Seafoods, Inc.,* 339 F.3d 1020 (9th Cir. 2003); *Zontini v. Merchant Recover Services, Inc.,* Case No. 12-CV-14912, 2013 WL 5640125 (E.D. Mich. Oct. 15, 2013)(J. Duggan).

Plaintiff also seeks attorney's fees ($12,355) and costs ($400) under various statutes. The claim for attorney fees and costs is supported by the affidavits of Carl Schwartz submitted at the hearing, and, Ian B. Lyngklip, submitted with the request for attorney fees and costs. Plaintiff's also submitted other documents to support the requested fees and costs, including time and costs sheets.

The Court finds Plaintiff's testimony credible as to the damages she suffered. The Court also finds that the requested attorney's fees and costs are

properly supported and are reasonable.  Plaintiff is entitled to damages in the total amount of $105,000 and attorney fees of $12,355 and costs of $400.

## III.   CONCLUSION

For the reasons set fort above,

IT IS ORDERED that Plaintiff's Motion for Default Judgment against Defendants Nationwide Arbitration Services, LLC, Matthew Marcucci, Cooper Financial, LLC and Mark Gray **[Docket No. 18]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is entitled to damages in the amount of $105,000 and that Defendants Nationwide Arbitration Services, LLC, Matthew Marcucci, Cooper Financial, LLC and Mark Gray are liable jointly and severally.

IT IS FURTHER ORDERED that Defendants John and/or Jane Does 1-30 are DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney Fees and Costs **[Docket No. 21]** is GRANTED.  The Order of Reference to the Magistrate Judge **[Docket No. 22]** is RESCINDED.  Plaintiff is entitled for an award of attorney's fees in the amount of $12,355 and costs in the amount of $400.


s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  November 30, 2015

4

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2015, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager